**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

IAN WESLEY BURR BEAMON,

                                                      Plaintiffs,

       v.                                                       7:16-CV-1274
                                                                (BKS/ATB)

KRISTYNA S. MILLS, et al.,

                                                      Defendants.

IAN WESLEY BURR BEAMON, Plaintiff pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

On October 25, 2016, plaintiff paid the filing fee and filed this action for "breach of fiduciary duty." (Dkt. No. 1). At the time of filing, plaintiff made an application to seal the case.[1] (Dkt. No. 2). The Clerk issued summonses for defendants and issued a General Order ("GO") 25 filing order. (Dkt. Nos. 3, 4). On October 28, 2016, I issued an Order and Report-Recommendation, denying plaintiff's motion to seal the case, and recommending that this action be dismissed with prejudice as frivolous and for failure to state a claim, notwithstanding payment of the filing fee. (Dkt. No. 6). In lieu of objections to my Order and Report-Recommendation, plaintiff filed an amended complaint. (Dkt. No. 7).

In an abundance of caution and because pro se litigants' papers must be interpreted with the utmost liberality,[2] Judge Sannes, found that my Order and Report-

---

[1] The Clerk filed the case under seal, pending this court's order on plaintiff's motion.

[2] Pro se pleadings should be interpreted liberally to raise the strongest arguments that they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

Recommendation was moot, based on the filing of an amended complaint, and returned the amended complaint to me for further review. (Dkt. No. 9). On December 9, 2016, plaintiff filed proof of service on the defendants. (Dkt. No. 10). After reviewing the amended complaint, this court finds that plaintiff has continued to file frivolous pleadings and will again recommend dismissal with prejudice.

II.     **Review of Complaint**

    A.     **Legal Standards**

Notwithstanding that plaintiff has paid the filing fee, the court has "inherent authority" to dismiss a frivolous complaint. *Fitzgerald v. First East Seventh Street Tenants*, 221 F.3d 362, 363-64 (2d Cir. 2000). *See also* 28 U.S.C. § 1915(e)(2) (notwithstanding any filing fee that may have been paid, the court may dismiss an action at any time if the action or appeal . . . is frivolous or malicious . . . or fails to state a claim upon which relief may be granted).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed.

*Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

### B. Application

The court notes that plaintiff's amended complaint does nothing to cure the defects in the first complaint. The claims are identical to the original claims and still almost impossible to decipher. Plaintiff has sued Kristyna S. Mills, the District Attorney in Watertown, New York, together with the Jefferson County District Attorney's Office. (Amended Complaint ("AC")). Plaintiff calls this action an "Amended Suite [sic] in Equity under Protective Order." (AC at 1).

Plaintiff refers to himself as a "private citizen, Grantee-Donor-Beneficiary and claimant." (AC at 5). Plaintiff claims that he had "beneficial rights and equitable title in trust res: Account Case No. 15-060127; including account(s) M2124GZ065, M2134GZ5RH, M2134GZ5ZN, and M2134GZ50R, M212GXXB2, M2124GXXB2 . . . at the Adams Town Justice Court" in Adams, New York. (*Id.*) Plaintiff wishes the

3

defendants to show cause why the "trustees herein are not liable to the beneficiary herein for breach of trust . . . ." (*Id.*)

Plaintiff then talks about a "non-negotiable instrument(s) claim number RB888383281US, with all attachments and proceeds."[3] (AC at 6) (citing Ex. A). Plaintiff alleges that he sent a number of documents to the defendants on October 22, 2016, including MD Department of Assessments & Taxation UCC-1 File No. 160804-1850000, MD Department of Assessments & Taxation UCC-3 File No. 160810-2257000, a Notice of Claim, a Notice of Transfer, a Notice for Declaration of Trust and Notice of Indenture, the "original" trust and "Asset Credit Voucher No. 888383281 for Deposit Special Deposit Under Trust Enforceable in Equity." (AC at 9). Also included in the packet sent to defendants was a "Beneficiary Notice and Order(s) for Trustee(s)," a Notice and Order for Settlement, a Notice and Order for Special Deposit Under Trust Enforceable in Equity, a Notice and Order to Merge Titles, and an Notice and Order to report remainder balance to Beneficiary. (*Id.*)

Plaintiff alleges that even though he sent all these documents to the District Attorney and her "office," they have "not performed" whatever "duties" and "obligations" they allegedly have relative to these documents. (*Id.*) (citing Exhs. E, F, G). Plaintiff believes that the defendants have duties pursuant to the "Settlement Orders, the Order to Merge Titles, and Orders to Wind Up Trust" that plaintiff has sent

---

[3] Exhibit A is entitled "Notice of Claim" and states that plaintiff is the "owner and holder" of all the "right, title and interest, with the non-negotiable instrument **claim** number **RB 888 383 281 US**." (AC at CM/ECF p.18) (emphasis in original). However, this "notice of claim" appears to have been filed in the Clerk's Office of the Lamar County Superior Court in Georgia. (*Id.*)

4

to defendants. (AC at 10). Plaintiff claims that defendants are obligated to "fulfill the trust by adjusting the assets to equal the debts," and "discharge[] said account on the public side" and "set[]-off said account on the private side thus terminating said Account . . . ." (AC at 12).

Exhibit C is a Uniform Commercial Code ("UCC")-1 Financing Statement, and it indicates that the "filer" is Ian Wesley Burr Beamon, and states that an "acknowledgment" must be sent to "Office of Executor for the Ian Wesley Burr Beamon." (AC at CM/ECF p.22). Plaintiff has listed a "Debtor" "organization" as "the Ian Wesley Burr Beamon, Trust," and the "Secured Party" as Ian Wesley Burr Beamon "individual." The "collateral" is listed as the "account numbers" listed above.

Exhibit D is a UCC-3 Financing Statement AMENDMENT, listing the "filer" as Krisyna S. Mills and Harmony. (AC at 24). It appears that plaintiff attempted to "assign" the trust to the District Attorney. The "organization is listed as "Trust # RB888383281 US." (*Id.*) Plaintiff is again listed as the "secured party." (*Id.*) This document was filed in the Lamar County Clerk's Office in Georgia. (*Id.*) Exhibit E is the "EXPRESS TRUST INDENTURE." (AC at 26-31).

In the "trust" documents, plaintiff states that he appoints defendant Mills and her office as Trustees. (AC at 28). Then plaintiff states that he is going to "transfer" the specific trust res (the account numbers listed above beginning with "M") for "special deposit." This apparently is done to "extinguish" the "public debt" by "merging the asset title with the debt title to terminate Account: Case No. 15-060127 . . . ." (*Id.*) It appears that plaintiff believes that if he transfers these "assets" to the defendant and her

5

office, they must "terminate" the accounts. These accounts happen to be at the Adams Town Justice Court, and may be associated with a criminal case against plaintiff. (AC at 28-29). Once defendants "terminate" the trust, plaintiff alleges that they are required to "wind up the trust and report the remainder funds, securities, plus accounts/securities floating around for the face value of said account." (AC at 29-30). Plaintiff states that if the trustees (defendants) do not disburse the funds, they become "personally liable." (*Id.* at 30).

In the original complaint,[4] the exhibits attached to the complaint included various documents which appeared to be traffic tickets, charging plaintiff with Driving While Intoxicated and a variety of other charges. (Compl. at CM/ECF pp. 21-29) (Dkt. No. 1). Printed over the traffic tickets, and over many of the remaining exhibits from the original complaint,[5] are the words "Trust # RB888383281US," "Asset Credit Voucher No. 888363281," "Notice for Acknowledgment of Debt and Payment by Equitable Title Transfer," and "Settlement Orders and Order to Merge Titles."

In addition to the above words, there was also a printed paragraph, in which it stated that the "Grantor hereby require [sic] Trustee(s) Kristyna Mills and Office of the District Attorney and Co-Trustee Harmony Healy,[6] to perform their obligations and duties herein and bring account Case No. 15-060127, et al to zero to fulfill the trust by

---

[4] Although an amended complaint supercedes the original, the court is referring to the original in order to attempt to make some sense out of the amendment and plaintiff's claims in general.

[5] The printing that appears over the top of the original printed document makes the documents very difficult to read.

[6] Harmony Healy appears to be an Assistant District Attorney.

adjusting the assets to equal the debts and it discharges said account on the public side and it sets off said account on the private side . . . ." (*See* Compl. at CM/ECF pp.23-36).

A review of the subsequent documents in the original complaint showed that the "trust" numbers matched the numbers on plaintiff's traffic tickets. Thus, this court found that they were not "account" numbers. It was completely unclear in the original complaint what plaintiff claimed the defendants had done (other than prosecute his traffic offenses), and it was also completely unclear what he wished the court to order the defendants to do.

Although the amended complaint does little to clarify the plaintiff's claims, it may be that plaintiff is attempting somehow to "discharge" or "dismiss" his criminal cases by transferring the charging documents into a "trust," with plaintiff as the beneficiary, and transferring the "trust" to the prosecutor. Plaintiff then requests that the prosecutor "terminate" the trust and "disburse" the assets to the beneficiary - plaintiff.[7]

Fed. R. Civ. P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require "detailed factual allegations," "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Houston v. Collerman*, No. 9:16-CV-1009, 2016 WL 6267968, at *2 (N.D.N.Y. Oct. 26, 2016) (citing *Ashcroft*, 556 U.S. at 678). A pleading that contains allegations that are "'so vague as to fail to give the

---

[7] One of the documents in the original complaint was a copy of a similar "proceeding" brought in the Adams Town Justice Court, and which was dated October 24, 2016, two days before he filed the original complaint in this action. (Compl. at 10-43).

defendants adequate notice of the claims against them' is subject to dismissal." *Id.* (citing *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009)).

Plaintiff has done nothing to change this court's conclusion, based on the original and the amended complaint, that plaintiff's claims are frivolous. At least one district court has rejected very similar claims to those advanced by this plaintiff. In *Dickinson v. Granade*, No. 1:16-CV-0153, 2016 WL 3647181 at *11 (S.D. Ala. Jun. 1, 2016), *adopted by* 2016 WL 3637093 (S.D. Ala. Jun. 30, 2016), Dickinson attempted to commence a "private suit in equity" to be heard by a "Court of Chancery," in which he sought an "equitable remedy in the public sector" in the form of "enforcement of a private trust" or a "bill of equity." *Id.* at *4.

The beneficiary of the "trust" was plaintiff "David Lee Dickinson," and the subject of the trust was his federal criminal conviction. Id. at *4-5. Dickinson named as the defendant the district court judge who sentenced him on his federal criminal case,[8] and sought an order requiring the judge "to perform an extinguishment and a full accounting" of the criminal case in order to "settle, satisfy and discharge all debts, liabilities, etc." held against him, a statement of equitable interest owed, and his immediate release from custody. Id. at *5.

The court in *Disckenson* also noted that "[t]he unclean hands doctrine proscribes equitable relief when . . . an individual's misconduct has 'immediate and necessary relation to the equity that he seeks." *Dickinson*, 2016 WL 3647181 at *10 (quoting

---

[8] Here, plaintiff names the District Attorney who prosecuted him, but the requests are essentially the same.

8

*Henderson v. United States*, __ U.S. __, 135 S. Ct. 1780, 1783 n.1 (2015) (further citation and internal quotation marks omitted). The court dismissed the civil complaint, ruling that Dickinson's "theory of recovery" was not "cognizable, viable, clean, or, for that matter, particularly intelligible" because it was "readily apparent that a criminal judgment cannot be the 'res' of a trust intended to benefit the very person (plaintiff) whose misconduct resulted in imposition of the criminal judgment." *Id*. The claims in plaintiff's amended complaint, like those raised in *Dickinson*, are also frivolous as I found in my first Order and Report-Recommendation.

The court in *Dickinson* also found that the plaintiff's "Bill in Equity" contained no statement of the grounds upon which federal jurisdiction was based. 2016 WL 3647181 at *11. Dickinson cited no federal statutes conferring jurisdiction, there was no basis for diversity jurisdiction,[9] not did the "Bill in Equity" present a federal question. *Id*. The same is true in this action and may also be dismissed for lack of jurisdiction.

Plaintiff's arguments appear to be a variation of the claim, presented in courts around the country and dismissed as frivolous, that plaintiffs or petitioners may "discharge" their debt, i.e., a conviction, sentence or other basis for detention, under the UCC or other civil statutes and treaties. *See Carter v. Wands*, 431 F. App'x 628, 629 (10th Cir. 2011) (affirming dismissal of section 2241 petition because "[n]either the U.C.C. nor any of the newly cited federal statutes provide a basis to challenge the

---

[9] Diversity jurisdiction, based upon 28 U.S.C. § 1332 requires that the plaintiff and defendants be citizens of different states and that there be at least $75,000 in controversy.

conditions of [the petitioner's] imprisonment [.]"); *Chambers v. Wilson*, No. 1:15-CV-0646, 2016 WL 775779 at *6 (E.D. Va. Feb. 24, 2016) (federal prisoner's "claims grounded in commercial law and secured transactions, even if they exist, are not cognizable under § 2241."), *aff'd* No. 16-6398 (4th Cir. Oct. 4, 2016). *Williams v. Davenport*, No. 1:13-CV-0444, 2013 WL 3166060 at *7 (W.D. Mich. Jun. 20, 2013) ("The [UCC] regulates the law of sales and other commercial transactions. It is wholly irrelevant to a prisoner's claim of entitlement to release from prison in a habeas corpus proceeding. To the extent Plaintiff's habeas petition raised a claim under the UCC, therefore, it was frivolous."); *Blackwood v. Ziegler*, No. 5:11-CV-0608, 2012 WL 5304771 at *2 n.2 (S.D. W. Va. Aug. 15, 2012) ("The undersigned finds that Petitioner is not entitled to habeas relief based upon the UCC."), *adopted by* 2012 WL 5304767 (S.D. W. Va. Oct. 25, 2012); *Crawford v. U.S. Bureau of Prisons*, No. 5:10-CV-3108, 2010 WL 2671986 at *1 n. 4 (D. Kan. Jun. 30, 2010) (The UCC is not relevant to petitioner's federal conviction, and is not itself federal law."); *Diaz v. Diaz*, No. 7:09-CV-0017, 2009 WL 272870 at *1 (W.D. Va. Feb. 3, 2009) ("[T]o the extent that the present complaint seeks Diaz's release from custody based on civil financing documentation [filed under the Uniform Commercial Code], it will be dismissed as legally frivolous[.]"); *Hudson v. Michigan Dep't of Corrections*, No. 2:08-CV-208, 2009 WL 56759, at *7 (W.D. Mich. Jan. 8, 2008) (citing cases); *Figueroa Hernandez v. Figueroa Hernandez*, No. 7:08-CV-0498, 2008 WL 4533940 at *3 (W.D. Va. Oct. 7, 2008) ("The court simply finds no ground upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his

confinement."); *Clark v. Romanowski*, No. 1:07-CV-1061, 2008 WL 2757805 at *2 (W.D. Mich. Jul. 14, 2008 ) ("[P]rovisions of the UCC govern commercial transactions and are wholly inapplicable to criminal judgment[s] ordering restitution."). Thus, this court will again recommend sua sponte dismissal, even though plaintiff paid the filing fee in this action.

## III. Opportunity to Amend

### A. Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B. Application

Plaintiff has had two attempts in this action to file an appropriate and coherent complaint. Although plaintiff paid the filing fee in this action, this court finds that the claims are still frivolous, and there is no likelihood that any amendment will be able to state a claim for relief. His complaint and his amended complaint set forth frivolous claims that should not proceed. Thus, this court will recommend dismissal with

11

prejudice.[10]  If the defendants have been served, their time to answer is stayed pending the District Court's action on this order and report-recommendation.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the amended complaint be **DISMISSED IN ITS ENTIRETY AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM**, notwithstanding payment of the filing fee, and it is

**ORDERED**, that the Clerk shall serve a copy of this Order and Report-Recommendation on defendant District Attorney of Jefferson County, Kristyna S. Mills, together with a copy of plaintiff's amended complaint, and it is

**ORDERED**, that if defendant Mills has been served, her time to answer is

---

[10] The court would note that, to the extent that plaintiff is suing the prosecutor for conduct relating to the prosecution of the traffic tickets, and plaintiff's relief would somehow involve damages   although he does not openly ask for damages    prosecutors enjoy absolute immunity from suit for damages under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury).  In this case it does not even appear that he is bringing the action under section 1983.  The statute is not cited or mentioned anywhere in the complaint.

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted).  The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006).  It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

An official's absolute immunity does not bar the granting of injunctive relief. *Shmueli v. City of New York*, 424 F.3d 231, 239 (2d Cir. 2005) (citing inter alia *Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987)).  However, the complaint is impossible to understand, and plaintiff does not make any plausible claim for injunctive relief from the District Attorney.  Finally, to the extent that plaintiff is suing the District Attorney's "Office," plaintiff cannot state any claim against the "office" as a separate entity. *Murray v. Williams*, No. 12-CV-3240, 2012 WL 2952409, at *2 (S.D.N.Y. July 19, 2012) (multiple citations omitted). Thus, successful amendment of the complaint is even less likely.

**STAYED**, pending the District Judge's ruling upon this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: December 13, 2016

                                            Hon. Andrew T. Baxter
                                            U.S. Magistrate Judge